## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | 2:19-cr-314-NR |
| v. | ) | |
| | ) | Hon. J. Nicholas Ranjan |
| | ) | |
| ROMELLO EDWARD JONES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### <u>MEMORANDUM ORDER</u>

Before the Court is Defendant Romello Edward Jones's motion to place the government's sentencing memorandum under seal. [ECF 41; ECF 42]. In his motion, Mr. Jones argues that the government's memorandum publicly disseminated confidential information from the Pre-Sentence Investigation Report ("PSIR") prepared by the Probation Office. [ECF 42 at ¶¶ 4-6]. Specifically, he points to "pages four and five" of the government's memorandum which, he says, "contain content that … [is] not otherwise within publicly-available documents already readily searchable on the docket or previously disseminated through other means." [*Id*. at ¶ 5]. In response, the government argues that sealing is not "required under the law" because the facts disclosed in its memorandum were "sourced" from "publicly available information" and not "sensitive in nature." [ECF 44 at ¶¶ 5-7]. But it also notes that its "primary interest" is having the Court review the memorandum "whether …[it] is sealed or is publicly available[.]" [*Id*. at ¶ 8].

After careful consideration, the Court will grant in part and deny in part Mr. Jones's motion. To begin with, the Court agrees with the government that information contained in public records is not confidential or protected from

disclosure by LCrR 32(C)(1), even if it was not "readily searchable on the docket" until now.  *Cf. United States v. Johnson*, No. 12-61, 2013 WL 1775442, at *2 (D. Vt. Apr. 25, 2013) ("While the sentencing documents describe Mr. Barter's criminal history and offense conduct in more detail, the availability of much of this information publicly significantly diminishes [a third-party's] need for the documents."); *United States v. Jackman*, No. 09-581, 2011 WL 2790165, at *1 (D. Utah July 14, 2011) ("These portions of the documents discuss legal matters that are precisely the type of document that the public is entitled to access.").

Much of the information that Mr. Jones seeks to remove from public view is of this nature.  Specifically, the Court finds that the government's discussion of Mr. Jones's criminal history in paragraphs 8 through 12 merely discloses facts that could be obtained by any member of the public who requests a copy of the underlying charging documents.  [ECF 41 at ¶¶ 8-12].  Indeed, that is likely how the Probation Office obtained the information contained in the PSIR.  That those public facts are also referred to in the PSIR does not make them confidential.

Relatedly, Mr. Jones does not have any right to prevent already public information from being made more "readily searchable."  [ECF 42 at ¶ 5]; *cf. Constand v. Cosby*, 833 F.3d 405, 410 (3d Cir. 2016) ("We and our sister circuit courts have held that appeals seeking to restrain 'further dissemination of publicly disclosed information' are moot."); *Firearms Policy Coal. Second Amendment Def. Comm. v. Harris*, 192 F. Supp. 3d 1120, 1129 (E.D. Cal. 2016) ("[T]he State's decision to make information publicly available necessarily means that further dissemination of that information advances the public's interest in good government.").  And in any event, Mr. Jones's criminal history is likely to be further discussed, in public, by both the parties and the Court at

sentencing. Thus, the Court will deny the motion insofar as it seeks to seal or redact paragraphs 8 through 12 of the government's memorandum.

The Court will also deny the motion insofar as it seeks to seal or redact paragraph 14 of the government's memorandum. [ECF 41 at ¶ 14]. The employment history referred to in that paragraph is not sensitive or confidential. *Cf. Malone v. Hakes*, No. 17-505, 2017 WL 6422500, at *2 (N.D. Ind. Dec. 18, 2017) ("The only reference to court business is the years of Plaintiff's employment history, which is not confidential."). The remainder of paragraph 14 merely references the seizure of $1,652.00 in cash from Mr. Jones—something which has already been substantially revealed in the indictment to which Mr. Jones pled guilty. [ECF 1 at ¶ 2].

All that said, the Court reaches a different conclusion with respect to paragraph 13. [ECF 41 at ¶ 13]. That paragraph references certain details of Mr. Jones's medical history gleaned from the PSIR. Upon review, this appears to be private and sensitive information that would usually not be available to members of the public.[1] Accordingly, it raises an interesting (and unsettled) question that warrants further consideration.

On one hand, "presentence reports are confidential court documents." *United States v. Colbert*, No. 08-411, 2011 WL 3360112, at *21 (W.D. Pa. Aug. 3, 2011) (Diamond, J.); *see also United States v. Smith*, 992 F. Supp. 743, 749 (D.N.J. 1998) ("Presentence reports are not public records; they are confidential reports to the trial judge for his or her use in arriving at a fair sentence."). If the government were permitted to reveal the contents of a PSIR in its sentencing memorandum without limitation, it would displace the Court

---

[1] Without revealing the precise information that the government disclosed, the information at issue reflects certain medical treatment that Mr. Jones received, as well as the nature of and reasons for that treatment.

as "the judge with respect to whether a compelling need for disclosure exists." *Smith*, 992 F. Supp. at 749.  That would render LCrR 32(C)(1) a nullity.

On the other hand, the Court is mindful that "information contained in the PSIR is often divulged at sentencing hearings." *United States v. Huckaby*, 43 F.3d 135, 136 (5th Cir. 1995).  Indeed, some degree of concurrent disclosure, both by parties and the Court, is commonplace during sentencing hearings and in sentencing memoranda.  And the importance of safeguarding the confidentiality of PSIR information must be balanced against the "strong presumption of access" that "attaches to sentencing memoranda." *United States v. Kushner*, 349 F. Supp. 2d 892, 905 (D.N.J. 2005); *United States v. Harris*, No. 12-156, 2016 WL 4543983, at *2 (D.D.C. Aug. 31, 2016) ("[S]entencing memoranda historically have been open to the press and general public.").  Thus, an absolute prohibition on any reference to facts obtained from the PSIR also seems wrong.

There is scant case law discussing this issue in this specific context.  But a few helpful principles can be discerned from the precedent that does exist.

To begin with, courts have generally recognized that "the privacy interests of the defendant may justify the nondisclosure of sentencing memoranda." *United States v. Dare*, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008) (cleaned up).  Thus, where memoranda reference private information from a defendant's PSIR, courts have generally permitted that information to be redacted.  *See, e.g. Jackman*, 2011 WL 2790165, at *2 ("In these sections, the [sentencing memoranda] discuss material from the presentence report and the psychological evaluations. Such materials are not part of the public record and the disclosure of such information may be detrimental to Defendant. The Court finds that discussion of these sealed materials should also be made under seal."); *Johnson*, 2013 WL 1775442, at *2 (declining to disclose "confidential

information" in "sentencing memorandum" that was "gleaned from the presence report" related to the defendant's "education, health, finances, substance abuse history, and family ties[.]").

As these courts have pointed out, permitting disclosure of confidential PSIR information in a sentencing memorandum would undermine the courts' critical concern for "ensuring that defendants or other individuals are not discouraged from disclosing information that could be relevant to [a] sentencing decision." *Dare*, 568 F. Supp. 2d at 244; *see also Johnson*, 2013 WL 1775442 at *1 ("…[D]isclosure might have a chilling effect on the willingness of various individuals to contribute information that will be incorporated into the report.") (cleaned up).  This Court shares that concern.

Indeed, "[f]requently information disclosed to probation officers during the presentence investigation is given to the investigators in confidence." *United States v. Charmer Indus., Inc.,* 711 F.2d 1164, 1171 (2d Cir. 1983).  "For example, a defendant may disclose his income but not wish to have those figures made public. A psychiatrist may provide an evaluation whose availability would best be restricted to the court and those involved in the defendant's rehabilitation." *Id*.  Ensuring the free flow of such information from defendants (and others) to the Probation Office is of vital importance. And the mere fact "[t]hat the defendant has pled guilty or been convicted of a crime does not require the dissemination of his entire personal background in the public domain." *Huckaby*, 43 F.3d at 136.

Furthermore, while some courts have refused to redact or seal references to PSIR information contained in sentencing memoranda, they have done so only based on specific findings that the information is otherwise publicly available, non-confidential, or disclosed by the defendant himself.  *See, e.g., Dare,* 568 F. Supp. 2d at 244 ("Defendant has chosen to introduce the medical

information in an attempt to mitigate his sentence."); *United States v. Cannon,* No. 14-87, 2015 WL 3751781, at *4 (W.D.N.C. June 16, 2015) (declining to redact "references to the PSR contained in the sentencing memorandum" that refer to issues argued about in "open court" at the sentencing hearing); *see also id.* (declining to redact references to psychiatric evaluation in defendant's sentencing memorandum because "[d]efendant sought and received a specific benefit from the Court, and the public has a right to know the basis for that benefit so long as it does not put another person at risk of harm.").

Applying these principles here, the Court finds that paragraph 13 of the government's memorandum implicates medical-related privacy concerns. [ECF 41 at ¶ 13].  The Court further finds that redaction of that paragraph is both consistent with the public interest and important to ensure that "defendants or other individuals are not discouraged from disclosing information" to the Probation Office.  *Dare*, 568 F. Supp. 2d at 244.  Mr. Jones has not himself disclosed the information cited in that paragraph in any public filing.  Given these considerations, and because the government does not oppose redaction if the Court finds it necessary, the Court will order paragraph 13 redacted out of an abundance of caution.

## ORDER

**AND NOW,** this **4th day of June, 2020**, upon consideration of Defendant Romello Edward Jones's motion to seal the government's sentencing memorandum, it is hereby **ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**.  Specifically, the Court denies the motion except as to paragraph 13 of the government's sentencing memorandum, which shall be redacted from public view in its entirety.  [ECF 41 at ¶ 13].

To effectuate this order, the Court will seal the entirety of the government's sentencing memorandum. [*Id.*]. Then, by no later than **June 8, 2020**, the government shall re-file its memorandum with paragraph 13 either redacted or replaced by alternative language "pointing to the relevant portion of the PSR," *Smith*, 992 F. Supp. at 749, without revealing its content.

DATE: June 4, 2020                                    BY THE COURT:

                                                      /s/ *J. Nicholas Ranjan*
                                                      United States District Judge